[No. C061053. Third Dist. May 18, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
JENNELLE MARIE CROPSEY, Defendant and Appellant.

**COUNSEL**

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Rachelle A. Newcomb, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CANTIL-SAKAUYE, J.**—Defendant Jennelle Marie Cropsey pled no contest to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count one)[1] and driving with 0.08 percent or more of alcohol in her blood (Veh.

---

[1] Further undesignated statutory references are to the Penal Code.

Code, § 23152, subd. (b); count three). She was placed on probation on conditions including payment of a $200 restitution fine (§ 1202.4, subd. (b)) and a $200 restitution fine suspended pending successful completion of probation (§ 1202.44). Following a first violation of probation, the court reinstated probation and dissolved the suspension of the $200 probation revocation fine. Following a third probation violation, the court sentenced defendant to state prison, suspended execution of sentence, and reinstated probation. The court "reimpose[d]" the $200 restitution fine and the $200 probation revocation restitution fine. It added a $200 restitution fine suspended unless parole is revoked. (§ 1202.45.)

On appeal, defendant contends the trial court erred by imposing "two separate restitution fines for the same conviction pursuant to . . . section 1202.4, subdivision (b)," and by imposing "two separate restitution fines for the same conviction pursuant to . . . section 1202.44." We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In May 2006, defendant was driving under the influence of alcohol. She became angered at the driving pattern of another motorist. As a result, she struck the other motorist, A.L., with a metal rod.

In August 2006, defendant pled no contest to assault with a deadly weapon and driving with 0.08 percent or more of alcohol in her blood. In exchange, other related counts were dismissed. Imposition of sentence was suspended and defendant was placed on probation for three years on the conditions, among others, that she pay a $200 restitution fine and a $200 restitution fine suspended pending successful completion of probation.

In November 2007, the trial court found that defendant had violated her probation in that she had pled no contest to a misdemeanor in an unrelated case. In December 2007, the court reinstated defendant on probation and dissolved the suspension of the $200 probation revocation fine, which then became due and payable.

In August 2008, an amended petition was filed alleging that defendant had violated her probation by (1) testing positive for marijuana, and (2) refusing to comply with her probation search condition. In September 2008, defendant admitted the allegations. In October 2008, probation was reinstated on the condition that she serve 44 days of incarceration with credit for 24 days.

---

[2] Because the matter was resolved by plea, and the facts of the underlying offense are not at issue, our statement of facts is taken from the prosecutor's statement of factual basis for the plea.

In November 2008, a petition was filed alleging that defendant had violated her probation by failing to serve the required incarceration. In December 2008, she admitted the allegation.

In January 2009, the trial court sentenced defendant on count one to state prison for the low term of two years. Execution of sentence was suspended and defendant was reinstated on probation for four years commencing from September 2006. On count three, defendant was sentenced to 180 days of incarceration with credit for 44 days.

Defense counsel expressed his belief that defendant had paid all the victim restitution and restitution fines except perhaps the most recent ones. Defendant added that this was her understanding as well. The trial court responded: "I will reimpose the restitution amounts. If they've been paid, then, of course, I'm not asking for double payments." The probation officer noted that "[t]he supplemental [probation] report does not indicate the restitution has been paid in full."

The trial court then remarked: "I will reimpose the restitution fine in the amount of $200. [¶] I will reimpose the probation revocation restitution fine in the amount of $200. I will also impose the $200 restitution fine and suspend it. That would be the one for the parole since I have imposed a prison sentence and suspended execution."

The clerk's minutes indicate that defendant was ordered to pay the two unstayed $200 restitution fines. A handwritten notation indicates that the fines had been "previously imposed." Under the heading "Restitution to victim(s)," a handwritten arrow leads to a checked box stating, "Credit for payments previously made."

## DISCUSSION

Defendant contends the trial court erred by imposing "two separate restitution fines for the same conviction pursuant to . . . section 1202.4, subdivision (b)," and by imposing "two separate restitution fines for the same conviction pursuant to . . . section 1202.44." She claims the court "had no statutory authority" to impose multiple section 1202.4 fines or multiple section 1202.44 fines. She further argues that defense counsel's remark that the restitution fines had been paid constitutes a sufficient objection to the imposition of duplicative fines.

Defendant's argument is based primarily on this court's opinion in *People v. Chambers* (1998) 65 Cal.App.4th 819 [76 Cal.Rptr.2d 732] (*Chambers*). In *Chambers*, "the trial court imposed a $200 restitution fine when it granted the

defendant probation, but it also imposed a $500 restitution fine later when the defendant's probation was revoked." (*Id.* at pp. 820–821.) This court held "[t]here is no statutory authority justifying the second restitution fine because . . . the first restitution fine remained in force despite the revocation of probation. Accordingly, since the trial court was without statutory authority to impose the second restitution fine, it must be stricken. [Citation.]" (*Id.* at p. 823.)[3]

■ In this case, unlike *Chambers*, the trial court did not purport to impose "second" restitution and parole revocation fines (of differing or like amounts) when "defendant's probation was revoked." (*Chambers, supra*, 65 Cal.App.4th at pp. 820–821.) Rather, the court may have believed that it was complying with *Chambers* when it orally stated its intention to "reimpose the restitution amounts."

■ In this context, to "reimpose" a restitution fine is not to impose a new, prohibited *second* fine. Rather, to "reimpose" the fine is to confirm or acknowledge *the same* fine that previously had been imposed upon conviction. The trial court made this clear when it remarked that it was "not asking for double payments," and when it stated that it would "impose," rather than "reimpose," the new parole revocation fine. The clerk understood the court's remarks in this fashion, because she handwrote the words "previously imposed" in the minutes adjacent to the restitution fines.

Contrary to defendant's argument, the clerk's words "previously imposed" adequately explain that the fines were not newly imposed in January 2009. Defendant's suggested alternative, deleting from the minutes "all references to restitution fines pursuant to sections 1202.4 and 1202.44," is infeasible because it sets the stage for an extant but unpaid fine to be overlooked.

■ Although defendant has not identified legal error, we note that the trial court's words, "reimpose the restitution amounts," are inconsistent with the *principle* upon which *Chambers* was decided. The principle is that "a restitution fine survive[s] the revocation of probation." (*Chambers, supra*, 65 Cal.App.4th at p. 822.) There, the survival of the $200 restitution fine made

---

[3] As noted, defendant's contention is that the trial court erroneously imposed *two separate* restitution fines and *two separate* probation revocation fines. For the reasons stated in *Chambers, two separate* restitution fines (or parole revocation fines) cannot " 'lawfully be imposed under any circumstance in [this] particular case.' " (*People v. Smith* (2001) 24 Cal.4th 849, 852 [102 Cal.Rptr.2d 731, 14 P.3d 942], quoting *People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; see *Chambers, supra*, 65 Cal.App.4th at p. 823.) Thus, the fines "are reviewable 'regardless of whether an objection or argument was raised in the trial and/or reviewing court.' " (*Smith, supra*, at p. 852, quoting *People v. Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802].) The Attorney General's claim that defendant's "argument is forfeited" has no merit.

imposition of the $500 restitution fine improper. Here, the survival of the $200 restitution fine and $200 probation revocation fine made it unnecessary to "reimpose" those still extant "restitution amounts." The word "reimpose" implies that the revocation of probation had undone the first imposition, thus necessitating a new imposition to fill the void. But that is precisely what *Chambers* says does *not* happen. ■ Simply stated, there is no need to reimpose an extant restitution fine. Where a restitution fine(s) has been previously imposed, the trial court should simply say, "The abstract of judgment should reflect the restitution fine(s) previously imposed."

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Raye, J., concurred.