Filed 5/15/14  P. v. Prater CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039433, H039984 |
| Plaintiff and Respondent, | (Monterey County<br>Super. Ct. No. SS121340) |
| v. | |
| BRAEDIE LANE PRATER, | |
| Defendant and Appellant. | |

## I.    INTRODUCTION

Defendant Braedie Lane Prater pleaded guilty to five charges:  bringing narcotics paraphernalia into prison (Pen. Code, § 4573); possession of a controlled substance (Health & Saf. Code, § 11375, subd. (b)(2)); possession of a drug without a prescription (Bus. & Prof. Code, § 4060); possession of narcotics paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)); and driving an unregistered vehicle (Veh. Code, § 4000, subd. (a)(1)).  Defendant admitted she had a prior felony conviction that qualified as a strike.  (Pen. Code, § 1170.12, subd. (c)(1).)

Defendant was initially placed on Proposition 36 probation for 18 months.  (See Pen. Code, § 1210.1, subd. (a).)  However, the trial court subsequently terminated defendant's Proposition 36 probation, dismissed the strike allegation, imposed but suspended a four-year prison term, and placed her on formal probation.

Defendant filed notices of appeal from the order terminating her Proposition 36 probation and from the post-plea proceedings. This court ordered defendant's two appeals considered together for briefing, oral argument, and disposition.

On appeal, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts, but raises no issue. We notified defendant of her right to submit written argument on her own behalf within 30 days. Defendant subsequently filed a letter brief, raising a number of issues regarding trial counsel and the trial court. This court requested supplemental briefing on three additional issues. As discussed below, we determine that remand is required so the trial court can correct clerical errors in recording the offenses to which defendant pleaded guilty and so the trial court can correct and clarify the amount of certain fees and fines.

## II. BACKGROUND

### A. *Fact of the Offenses*[1]

On July 15, 2012, a Monterey County Sheriff's deputy conducted a traffic stop after observing defendant driving a vehicle that had no front or rear license plate and no temporary registration affixed to a window. Defendant did not have a driver's license or any registration paperwork. The deputy confirmed that the vehicle had not been registered for over six months. Deputies conducted an inventory search of the vehicle prior to towing it. They found two methamphetamine pipes and numerous pills, some of which were not in their original prescription bottle.

Defendant was arrested. She claimed that she took the pills for back pain. At the jail, defendant said she did not have any drugs or illegal items on her, but deputies found a methamphetamine pipe during a strip search.

---

[1] The factual summary is taken from the probation report.

2

### B.    Charges and Pleas

Defendant was charged with bringing narcotics paraphernalia into prison (Pen. Code, § 4573; count 1); possession of a controlled substance (Health & Saf. Code, § 11375, subd. (b)(2); count 2); possession of a drug without a prescription (Bus. & Prof. Code, § 4060; count 3); possession of narcotics paraphernalia (Health & Saf. Code, § 11364.1, subd. (a); count 4); and driving an unregistered vehicle (Veh. Code, § 4000, subd. (a)(1); count 5).  The complaint alleged that defendant had a prior felony conviction that qualified as a strike.  (Pen. Code, § 1170.12, subd. (c)(1).)

Defendant pleaded guilty to all five counts and admitted the strike allegation on July 25, 2012.  Defendant entered the pleas pursuant to an agreement that she would be referred for a determination of her eligibility for Proposition 36 probation.  The agreement further provided that if defendant was not eligible for Proposition 36 probation, the District Attorney would not oppose a *Romero* motion (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) so that defendant could be sentenced to 48 months in state prison or have execution of that sentence suspended while she completed drug treatment.

Defendant was found eligible for Proposition 36 probation on July 30, 2012.  On that date, the trial court ordered her to complete 18 months of Proposition 36 probation. One of the conditions of defendant's Proposition 36 probation was that she attend five NA/AA meetings per week and provide written proof of her attendance at all court hearings.  Another condition required defendant to participate in "any counseling or substance abuse program the Court deems necessary."  Defendant was also ordered to pay a number of fees and fines.

### C.    Probation Violations

On August 16, 2012, defendant appeared at a Proposition 36 review hearing and brought proof of her attendance at seven NA/AA meetings.  At a Proposition 36 review

hearing held on October 4, 2012, the trial court assessed her one "strike" for failing to provide proof of her attendance at NA/AA meetings.

Defendant failed to appear for a Proposition 36 review hearing on November 29, 2012. On December 11, 2012, defendant admitted she violated her probation by failing to appear for that hearing. The trial court ordered defendant to provide proof of enrollment in a designated treatment program.

Defendant failed to appear for another Proposition 36 review hearing on December 20, 2012. At a hearing held on March 6, 2013, the trial court found defendant was not in violation of her probation, but it terminated her Proposition 36 probation, finding that she had refused drug treatment. The trial court noted that defendant had never brought in proof of her attendance at any additional NA/AA meetings, nor any proof of her enrollment at the designated treatment program.

Defendant filed a notice of appeal from the above orders on March 15, 2013.

### D. *Marsden Motion*

On April 10, 2013, defendant filed a *Marsden* motion. (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).) Defendant complained that trial counsel was ineffective and that there had been a breakdown in the attorney-client communication. She indicated she wished to withdraw her pleas.

At the hearing on the *Marsden* motion, defendant explained that she had only one telephone call with trial counsel and claimed she did not get along with him. She stated that she had wanted to fight her case. Trial counsel responded by describing the communication he had with defendant prior to her change of plea hearing and why he did not file a motion to suppress. Trial counsel also noted that he no longer represented defendant; another attorney from the Public Defender's office was now representing her.

The trial court denied defendant's *Marsden* motion on April 17, 2013.

4

*E.      Sentencing*

On June 11, 2013, the trial court dismissed the strike allegation, imposed the four-year upper term for count 1, suspended execution of sentence, and placed defendant on formal probation for three years.  The trial court did not impose sentence on the misdemeanor counts.

Defendant filed a notice of appeal on July 30, 2013, specifying that her appeal was based on her sentence or other matters occurring after the plea that do not affect the validity of the plea.

### III.    DISCUSSION

After reviewing the record pursuant to *Wende, supra,* 25 Cal.3d 436, we requested supplemental briefing on three issues.

*A.      Pleas*

We first asked the parties to address whether the clerk erred in recording that defendant entered guilty pleas only as to counts 1, 2, 3, and 5, and whether defendant entered a guilty plea as to count 2 or count 4.  Both parties agree that defendant pleaded guilty to all five counts.

On the waiver of rights form defendant signed on July 25, 2012, defendant indicated she was pleading guilty to all five counts.  The reporter's transcript of the hearing held that day does not indicate that any of the counts would be dismissed or that defendant would be pleading to only some of the charges.

However, the reporter's transcript is somewhat ambiguous as to whether defendant pleaded guilty to count 2.  After defendant pleaded guilty to count 1, the trial court asked for defendant's plea to "being in possession of --" and defendant stated, "Guilty."  The trial court continued, "-- possession of a drug, without a prescription, on that same date, as alleged in the misdemeanor [*sic*], Count 3 . . . ."  Defendant stated, "Guilty."  Defendant then pleaded guilty to counts 4 and 5.

5

Defendant offers an explanation of the ambiguity in the reporter's transcript, noting that it appears defendant simply interrupted the trial court's description of count 2, which alleged she possessed a controlled substance, by stating "Guilty" as the trial court asked for her plea to "being in possession of --".

After reviewing the entire record, we agree it reflects that defendant intended to enter and did enter guilty pleas as to all five counts. However, the minutes from the July 25, 2012 hearing state that defendant pleaded guilty to counts 1, 2, 3, and 5, but not count 4. Further, on August 10, 2012, the clerk corrected the July 30, 2012 minutes, nunc pro tunc, to state that "[a]ll remaining charges . . . are hereby ordered dismissed," although no such statement is reflected in the reporter's transcript from that hearing. Moreover, the minutes from October 4, 2012 and all remaining hearings indicate that count 4 was dismissed.

As both parties agree that defendant pleaded guilty to all five counts, we will direct the clerk to correct the minute orders to properly reflect that defendant pleaded guilty to all five counts and that count 4 was not dismissed.

### B.     Restitution Fines

We also requested the parties address whether, at the June 11, 2013 hearing, the trial court erred by imposing a $280 restitution fund fine (Pen. Code, § 1202.4, subd. (b)) and a $280 stayed probation revocation restitution fine (Pen. Code, § 1202.44) as to count 1, and whether the clerk erred in recording that the trial court imposed an additional $420 restitution fund fine as to counts 2, 3, and 5.

At the July 30, 2012 hearing, at which defendant was placed on Proposition 36 probation, the trial court imposed a $240 restitution fund fine and a $240 stayed probation revocation restitution fine.

As noted above, at the June 11, 2013 sentencing hearing, the trial court imposed sentence as to count 1 only. In imposing that sentence, the trial court ordered defendant to pay a $280 restitution fund fine and a $280 stayed probation revocation restitution fine.

6

The trial court did not orally impose an additional restitution fine as to any other counts. However, the minutes for the June 11, 2013 hearing reflect imposition of an additional $420 restitution fund fine "as to counts 2, 3, & 5."

Since "a restitution fine survive[s] the revocation of probation," the original $240 restitution fund fine and $240 probation revocation restitution fine "remained in force" despite the termination of defendant's Proposition 36 probation. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 822-823.) The trial court was not authorized to impose additional or increased fines; thus, at the June 11, 2013 sentencing hearing, the trial court should have simply ordered that the record reflect the restitution fines previously imposed. (See *People v. Cropsey* (2010) 184 Cal.App.4th 961, 966.)

The Attorney General acknowledges these discrepancies in the record and suggests a remand or a reduction of the fines. Defendant contends, and we agree, that the $420 restitution fund fine reflected as to counts 2, 3, and 5 must be stricken, and that the record should reflect that defendant was ordered to pay the previously-imposed $240 restitution fine and the $240 stayed probation restitution fund fine instead of the $280 fines imposed on June 11, 2013.

We will direct the clerk to correct the June 11, 2013 minute order to reflect the proper restitution fine and stayed probation restitution fund fine amounts.

### C. *Drug Program Fee and Lab Fee*

Finally, we asked the parties to address whether the trial court erred by imposing a $280 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5) and a $200 drug program fee (Health & Saf. Code, § 11372.7) at the July 30, 2012 hearing, and we asked the parties to identify the count or counts to which those fees applied.

The parties agree that these two fees applied only to count 2, i.e., defendant's violation of Health and Safety Code section 11375, subdivision (b)(2). The parties also agree that both fee amounts appear to be incorrect. Under section 11372.5, subdivision (a), the criminal laboratory analysis fee is $50, and under section 11372.7,

7

subdivision (a), the drug program fee is not to exceed $150. Both fees are subject to mandatory penalty assessments, which may have been included in the total amounts imposed but were not separately listed in the trial court's oral pronouncement or in the clerk's minutes. (See *People v. Sharret* (2011) 191 Cal.App.4th 859, 863-864; *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1374; *People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

As to the criminal laboratory analysis fee, the Attorney General calculates penalty assessments of $140 to be added to the $50 fee, for a total of $190. As to the drug program fee, the Attorney General posits that the trial court may have imposed a $200 fee in error and without penalty assessments, or that the trial court imposed a fee of less than $150 and then added penalty assessments.

Defendant contends there is insufficient evidence of her ability to pay the drug program fee plus penalty assessments. (See Health & Saf. Code, § 11372.7, subd. (b); *People v. Corrales* (2013) 213 Cal.App.4th 696, 702 [remand for ability to pay hearing required where trial court determined defendant was able to pay a $150 drug program fee but failed to impose penalty assessments, which would have resulted in a $540 total fee].)

Since the record is ambiguous regarding the manner in which the trial court calculated the lab fee and drug program fee, particularly regarding whether either fee included any penalty assessments, and in light of the fact that the lab fee appears to be incorrect even if penalty assessments are included, we will remand this matter to the trial court for recalculation of these two fees and consideration of defendant's ability to pay the drug program fee plus penalty assessments.

### D.    Defendant's Claims

In defendant's supplemental letter brief, she states a number of complaints about the attorney who represented her at the time of her pleas. In particular, defendant appears to believe that trial counsel should have filed a motion to suppress. She also appears to argue that the trial court should have granted her *Marsden* motion and that the trial court

8

should have excused her for failing to comply with the terms of her Proposition 36 probation.

Having carefully reviewed the entire record and defendant's letter, we conclude that there are no arguable issues on appeal other than those we identified in our request for supplemental briefing.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## IV.    DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to:  (1) correct the clerical errors in recording the offenses to which defendant pleaded guilty; (2) correct the June 11, 2013 minute order to strike the $420 restitution fund fine reflected as to counts 2, 3, and 5; (3) correct the June 11, 2013 minute order to strike the $280 restitution fund fine (Pen. Code, § 1202.4, subd. (b)) and $280 stayed probation revocation restitution fine (Pen. Code, § 1202.44) and instead reflect imposition of the previously imposed $240 restitution fund fine and $240 stayed probation revocation restitution fine; and (4) identify the amount of the criminal laboratory analysis fee (Health & Saf. Code, § 11372.5) and the amount of the drug

program fee (Health & Saf. Code, § 11372.7), including any applicable penalty assessments, and consider defendant's ability to pay the drug program fee plus any applicable penalty assessments.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
GROVER, J.