Filed 9/18/14  P. v. Woods CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ONEAL WOODS,<br><br>    Defendant and Appellant. | B252824<br><br>(Los Angeles County<br> Super. Ct. No. BA408101) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Garcia, Judge.  Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Michael Oneal Woods appeals from the imposition of a probation revocation fine. He contends the fine was unauthorized, as the trial court failed to orally impose the fine following the probation revocation hearing. Finding no reversible error, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 17, 2013, appellant entered a plea of nolo contendere to making criminal threats, in violation of Penal Code section 422, subdivision (a).[1] He also admitted a gang allegation. In exchange for the plea, the trial court imposed and suspended a seven-year prison term, and placed appellant on three years of formal probation. The court imposed a $280 restitution fine, and suspended a $280 probation revocation fine. The court noted that appellant "would not have to pay that fine unless you violate your probation."

On August 20, 2013, the People filed a motion requesting revocation of appellant's probation. After a hearing, the court found appellant in violation and revoked his probation. The court imposed the previously suspended sentence of seven years in state prison. The court made no mention of any fines, and provided no reason for waiving or reducing any previously imposed fines. However, the minute order for the hearing stated: "Defendant to pay probation revocation fine, previously stayed, pursuant to Penal Code section 1202.44 in the amount of $280.00." Similarly, the abstract of judgment reflected a $280 probation revocation fine.

Appellant timely filed a notice of appeal.

---

[1] All further statutory citations are to the Penal Code.

# DISCUSSION

Section 1202.4, subdivision (b) provides: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." Section 1202.44 provides: "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional probation revocation restitution fine shall become effective upon the revocation of probation or of a conditional sentence, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record." "Thus, a convicted defendant who is granted probation will ordinarily be subject to two restitution fines -- a state Restitution Fund fine under section 1202.4(b) and a probation revocation restitution fine under section 1202.44, which is *stayed unless probation is revoked*." (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434.)

Following the revocation of probation, a trial court may not impose new restitution fines for the same conviction. (*People v. Cropsey* (2010) 184 Cal.App.4th 961, 966 (*Cropsey*).) However, where a probation revocation restitution fine has been previously imposed, it "'survive[s] the revocation of probation.'" (*Id*. at p. 965, quoting *People v. Chambers* (1998) 65 Cal.App.4th 819, 822.) Accordingly, "there is no need to reimpose an extant restitution fine." (*Cropsey*, *supra*, at p. 966.) Rather, the court should lift the stay on the section 1202.44 fine. (*People v. Guiffre*, *supra*, 167 Cal.App.4th at p. 435.)

Section 1202.44 provides that the probation revocation fine "shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record." Relying on *People v. Tillman* (2000) 22 Cal.4th 300 (*Tillman*), appellant argues the failure of the court to orally reimpose the probation revocation fine renders the subsequent "imposition" of the fine in the minute order and abstract of judgment unauthorized. We disagree. *Tillman* is distinguishable, as there, the trial court did not impose a restitution fine or parole revocation fine at the defendant's initial sentencing. Our Supreme Court held that those restitution fines could not be imposed subsequently. (*Id*. at p. 302.) In contrast, here, the $280 probation revocation restitution fine was imposed at appellant's sentencing following his plea, and he was advised that he would have to pay it if he violated probation. The fine became effective immediately upon the revocation of appellant's probation, without any further action required by the trial court. (§ 1202.44; *Cropsey*, *supra*, 184 Cal.App.4th at pp. 965-966.) Absent a judicial finding of compelling and extraordinary reasons, stated on the record, the probation revocation fine could not be waived or reduced. (§ 1202.44.) As the trial court made no such finding of compelling and extraordinary reasons to waive or reduce the probation revocation fine, the minute order and abstract of judgment correctly reflected that appellant was required to pay the extant probation revocation fine.

4

# DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

EPSTEIN, P. J.

COLLINS, J.

5