Filed 2/23/15  P. v. Johnson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040760 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS130506A, SS131256A) |
| v. | |
| THEODORE JOHNSON, JR., | |
| Defendant and Appellant. | |

# I.  INTRODUCTION

Defendant Theodore Johnson, Jr., pleaded no contest to the felony of injuring a cohabitant (Pen. Code, § 273.5, subd. (a))[1] in March 2013 and was placed on formal probation.  After a second incident of domestic violence involving the same victim in June 2013, defendant pleaded no contest to one felony count of making criminal threats (§ 422) and one felony count of injuring a cohabitant, the second conviction occurring within seven years of the first conviction (§ 273.5, subd. (f)(1)), and three misdemeanors. In February 2014, the trial court revoked probation in the first case, denied probation in the second case, and in both cases sentenced defendant to a total of five years in prison.

Defendant's sole objection on appeal is to the $2,400 restitution fine in the second case that the trial court stated it "set pursuant to the formula" in section 1202.4, subdivision (b)(2).  That subdivision states, "In setting a felony restitution fine, the court

---

[1] Unspecified section references are to the Penal Code.

may determine the amount of the fine as the product of the *minimum fine* pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."  (Italics added.)

The result of the statutory formula depends on the minimum fine specified in section 1202.4, subdivision (b)(1).  The minimum restitution fine had been $200 since 1992[2] until Assembly Bill No. 898, enacted in 2011 (Stats. 2011, ch. 358, § 1), scheduled three prospective annual increases.  The legislation amended section 1202.4, subdivision (b)(1) to provide that the restitution fine for a felony conviction "shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014 … ," retaining the same $10,000 upper limit.

The $2,400 imposed here appears to have resulted from multiplying $300 times two felony counts times four years.  On appeal defendant argues that the $300 minimum should have been $280 for offenses committed in 2013, and the Attorney General concedes this error.  We will accept the concession and will affirm the judgment after modifying it to reflect the formula-derived fine appropriate to defendant's convictions in the second case.

## II.  TRIAL COURT PROCEEDINGS

### A.  FIRST CASE (SS130506A)

In March 2013 defendant waived a preliminary hearing and entered a no contest plea to injuring a cohabitant.  (Count 1; § 273.5, subd. (a).)  Defendant agreed to felony probation and dismissal of three other charges.  The court advised defendant at the time of his plea that the minimum restitution fine would be $280.

---

[2]  Former Gov. Code, § 13967, subd. (a); Stats. 1992, ch. 682, § 4, p. 2922.

At sentencing in April 2013, the trial court suspended imposition of sentence and placed defendant on formal probation with conditions. Although defendant and the victim indicated a desire to resume their relationship, the court ordered defendant to have no contact with the victim (§ 136.2), informing defendant the order could be modified after he attended domestic violence classes. The court imposed a restitution fine of $280 under section 1202.4, subdivision (b) and imposed but suspended a probation revocation fine of $280 under section 1202.44 pending the successful completion of defendant's probation.[3]

## B. SECOND CASE (SS131256A)

Despite the no contact order, the victim and defendant resumed their relationship, living together in Salinas. They argued one morning in June 2013 before the victim fell asleep. She was awakened by defendant jumping onto her bed and biting her face. She screamed and he put his hands on her jaws and said he would rip her face in half. She asked him to leave and then locked him out. He returned, kicked in the back door of her apartment, and gathered his possessions. She called the police when he left, and defendant was apprehended after a brief chase.

Defendant was charged with violating probation in the first case and with committing new crimes charged in the second case. An amended information filed after the preliminary examination in the second case charged defendant with two felonies (count 1, injuring a cohabitant after a prior similar conviction [former § 273.5, subd. (e)(1), now § 273.5, subd. (f)(1)] and count 2, making criminal threats [§ 422, subd. (a)]) and three misdemeanors (count 3, disobeying a protective order [§ 166, subd. (c)(1)],

---

[3] Since 2004, section 1202.44 has provided for imposing "an additional probation revocation restitution fine in the same amount …" as the restitution fine imposed pursuant to section 1202.4, subdivision (b) whenever probation is imposed.

3

count 4, resisting arrest [§ 148, subd. (a)(1)], and count 5, vandalism [§ 594, subd. (b)(2)(A)]).

In January 2014, defendant agreed to admit all charges in the second case with only the understanding that he would ask the court to reduce the two felonies to misdemeanors under section 17. He entered no contest pleas to the five charges in the second case, and the trial court found he had violated probation in the first case.

## C. SENTENCING IN BOTH CASES

The probation report recommended denying probation and committing defendant to the Department of Corrections and Rehabilitation. The report included an alternative recommendation of suspending execution of sentence and placing defendant on formal probation in both cases with recommended conditions. Both alternatives included ordering defendant to pay a restitution fine of $300 times the number of years of his sentence times the number of felony counts for a total of $900 under section 1202.4, subdivision (b)(2) and imposing and suspending an equivalent parole revocation fine under section 1202.45.[4]

After considering the arguments of counsel at the sentencing hearing in February 2014, the trial court implicitly denied defendant's motion to reduce the section 422 conviction to a misdemeanor and denied probation in both cases. In the second case, the court imposed the midterm of four years on count 1 with concurrent sentences of two years on count 2 and one year on each of the three misdemeanors. In the first case, the court imposed a consecutive sentence of one year, one-third the midterm.

---

[4] Section 1202.45 provides for imposing and suspending "an additional parole revocation restitution fine …" in the same amount as the restitution fine under section 1202.4, subdivision (b) whenever a sentence includes a period of parole.

As to a restitution fine, the court stated: "You are required to pay a restitution fine, which I will set pursuant to the formula. And that would be $2,400. [¶] If I'm incorrect on that, somebody advise me before I conclude the sentencing. But I believe the $2,400 fine is the formula." The court imposed an additional restitution fine in the same amount and suspended it until revocation of parole. There was no objection to the restitution fine amount before the court concluded sentencing.

The minute order of the sentencing hearing does not include a total figure for the restitution fine, but simply states, "Pay a state restitution fine of $300.00 multiplied by the number of years of imprisonment, multiplied by the number of convicted [f]elony counts. (PC 1202.4(b)(2))."

The abstract of judgment summarized the total five-year sentence in both cases. It listed what we have called the second case as "A" and the first case as "B." It stated the restitution fine in the second case as $2,400 and a suspended parole revocation fine under section 1202.45 in the same amount. Lines for the first case are blank, indicating neither a restitution fine under section 1202.4, subdivision (b) nor imposition of the previously suspended probation revocation fine under section 1202.44.

## III. ANALYSIS

The formula in section 1202.4, subdivision (b)(2) calls for multiplying three factors: "the minimum fine" as stated elsewhere in the statute; "the number of years of imprisonment the defendant is ordered to serve"; and "the number of felony counts of which the defendant is convicted." Selecting the proper minimum fine amount is critical, because restitution fines are considered punishment and therefore subject to the ex post facto clause (*People v. Souza* (2012) 54 Cal.4th 90, 143), which prohibits increasing the punishment after commission of the offense. (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30-31 [increase from $100 to $200 inapplicable to pre-amendment offense]; *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189 (*Martinez*).)

5

At sentencing in February 2014, the trial court selected $300 as the minimum fine as recommended by the probation report. Although that was the minimum fine as of January 1, 2014, defendant's offenses occurred in 2013 when the minimum fine was $280. This court identified a similar error in *Martinez, supra*, 226 Cal.App.4th 1169, where the trial court used the wrong minimum fine in calculating the formula fine. We concluded the defendant's ex post facto claim was forfeited by a failure to object in the trial court (*id.* at p. 1189), but accepted the alternate contention that the lack of objection constituted ineffective assistance (*id*. at p. 1190). "[G]iven the court's commitment to use the statutory formula in Penal Code section 1202.4, subdivision (b)(2), it appears more than likely that the court would have imposed the restitution fine using the … minimum that was in effect when appellant committed his crimes had counsel raised an objection at the sentencing hearing." (*Ibid.*) We recalculated the restitution fine using the applicable minimum in the formula and ordered the judgment modified accordingly. (*Id.* at pp. 1190-1191.) We adhere to this reasoning here.

The Attorney General suggests there was no ex post facto violation because the trial court had discretion to impose a restitution fine of up to $10,000, an amount well in excess of the $2,400 imposed. This contention overlooks that the trial court announced an intent to apply the statutory formula, which requires selection of the appropriate *minimum* fine. It was an ex post facto violation for the trial court to select a minimum amount exceeding what applied at the time of defendant's crimes. That the trial court might have imposed the fine without relying on the formula does not negate the violation that occurred when it did use the formula.

Neither party questions the rest of the trial court's application of the formula in the second case, calculating the number of felony convictions to be two and the number of years in prison to be four.[5]

Multiplying $280, the proper minimum fine in this case, times the four year sentence times two convictions yields a total of $2,240. We will direct that the judgment in the second case be so modified.

## III. DISPOSITION

The judgment is modified to provide for a restitution fine of $2,240, not $2,400, and an equivalent suspended parole revocation fine. As so modified, the judgment is affirmed. The trial court is directed to prepare and distribute an amended abstract of judgment reflecting in case SS131256A a restitution fine of $2,240 and an equivalent suspended parole revocation fine and in case SS130506A a $280 restitution fine and a $280 probation revocation restitution fine.

.

---

[5] The court had already imposed a restitution fine of $280 in the first case when admitting defendant to probation. Under *People v. Chambers* (1998) 65 Cal.App.4th 819 (*Chambers*) and its progeny, the court could not change this already-imposed fine upon revoking probation. *Chambers* concluded "a restitution fine imposed at the time probation is granted survives the revocation of probation" (*id.* at p. 820), leaving the trial court "without statutory authority" to impose a second, different restitution fine when probation is revoked. (*Id.* at p. 823.) As this court explained in *People v. Rios* (2013) 222 Cal.App.4th 542 at pages 575-576: "The section 1202.4 restitution fine may only be imposed once at the time the court pronounces judgment and the court may not increase the restitution fine when revoking probation. (*People v. Perez* (2011) 195 Cal.App.4th 801, 805.) The court may not impose a second restitution fine after probation has been revoked because the original fine survives the revocation of probation. (*People v. Cropsey* (2010) 184 Cal.App.4th 961, 964-965.)"

When the court revoked probation in the first case without reinstating it, the court should have also lifted the stay on the probation revocation restitution fine of $280 imposed in the first case. (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434.) The record does not reflect this occurred.

_____

Grover, J.

**WE CONCUR:**

_____

Bamattre-Manoukian, Acting P.J.

_____

Mihara, J.