Filed 5/31/22  P. v. Martinez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

DANIEL MARTINEZ,

    Defendant and Appellant.

E077120

(Super. Ct. No. RIF1605825)

OPINION

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed and Helios J. Hernandez, Judges.  Affirmed in part as modified, and remanded with directions.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Steve Oetting and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

Following a probation revocation hearing, the trial court found that defendant and appellant Daniel Martinez had violated five of his probationary terms and sentenced him to six years in state prison, which included the upper term of three years, plus three years for the great bodily injury enhancement. The court also imposed a restitution fine in the amount of $300. On appeal, defendant contends the trial court erred in imposing the restitution fine and that the matter should be remanded for a new sentencing hearing in light of Senate Bill No. 567 (2021-2022 Reg. Sess.). We conclude that the restitution fine must be stricken, and remand the matter for a new sentencing hearing in light of Senate Bill No. 567.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2016, while intoxicated, defendant drove an on off-road, four wheeler vehicle with his 14-year-old nephew in the vehicle and collided with a car. As a result, the car sustained major damage, and defendant's nephew suffered a fractured leg and abrasions to his face.

On May 31, 2017, in a plea to the court, defendant pleaded guilty to driving under the influence (Veh. Code, § 23153, subd. (a); count 1), driving with a blood alcohol concentration of .08 or more (Veh. Code, § 23153, subd. (b); count 2), child abuse likely

to produce great bodily injury (Pen. Code,[1] § 273a, subd, (a); count 3), and using a vehicle with the presence of blood alcohol concentration while on probation (Veh. Code, § 23154, subd. (a); count 4). As to counts 1 and 2, defendant also admitted that he had caused great bodily injury (§ 12022.7, subd. (a)) and had a blood alcohol concentration of .20 or more (Veh. Code, § 23538, subd. (b)(2)). In exchange for his plea, defendant agreed to be placed on formal probation for a period of five years in lieu of a six-year suspended prison sentence.

On June 14, 2017, the trial court placed defendant on probation for a period of five years on various terms and conditions, including serving 365 days in county jail and completing a 52-week driving under the influence (DUI) program and parenting classes. The court also ordered defendant to pay a restitution fine in the amount of $300, among other fines and fees.

At a probation hearing on April 17, 2019, the trial court expressed sympathy for defendant's financial situation, noting defendant had difficulty paying for his programs and that he had completed 18 out of 52 classes. Thus, to free up money for the programs his probation required him to complete, the court found that defendant lacked the ability to pay pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 and struck the $300 restitution fine. The court also struck the $160 operations and security fee and $125 conviction assessment fee.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

On July 16, 2020, the probation department filed a petition alleging defendant had violated six of his probationary terms and conditions. On that same day, the trial court revoked defendant's probation.

A formal probation revocation hearing was held on February 23, 2021. Following testimony by defendant's probation officer and admission of evidence, the trial court found that defendant had violated five of his probation conditions and set the matter for a sentencing hearing. As to sentencing, the court noted that the issue of sentencing was a different analysis and depending on what the probation department reports, the court explained that it could reinstate defendant on probation, sentence him to six years in prison, or sentence him to the upper term of seven years or more. The court also stated that there was no "hard evidence" that defendant had agreed to a specific sentence.

After numerous continuances, the sentencing hearing was held on May 14, 2021.[2] Defense counsel requested that defendant be reinstated on probation. The prosecutor argued that defendant should be sentenced to six years in prison, which was "the original agreed upon disposition" when defendant had pleaded guilty to the sheet. The trial court did not find that there was an "agreed" sentence, but nonetheless sentenced defendant to a term of six years in prison as follows: the upper term of three years for count 1, plus

---

[2] On this date, defendant was represented by private counsel rather than the public defender who had previously appeared at other hearings. The prosecutor was also different than the prior hearings. We also note that three different judges had heard the relevant proceedings in this case: Judge Hernandez at the change of plea hearing and at the time defendant was placed on probation; Judge Keen at the time the restitution fine was struck; and Judge Koosed at the time defendant was sentenced to prison.

4

three years for the great bodily injury enhancement. In imposing the upper term, the court stated, "The upper term is selected as I do believe the aggravating circumstances outweigh the mitigating circumstances for the reasons I just indicated." The reasons the court had indicated were that defendant continued to violate probation, the case was "serious," and "[i]t's a fourth DUI in a relatively short period of time wherein there was a GBI and child endangerment." The probation officer listed the following circumstances in aggravation: (1) the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness; (2) defendant's prior convictions were numerous or of increasing seriousness; (3) defendant was on probation when the crime was committed; and (4) defendant's prior performance on probation was unsatisfactory. The probation officer found no circumstances in mitigation.

When the court inquired as to any fines and fees, defense counsel requested that the court "delete any fines and fees that the Court has the authority to do" based on defendant's inability to pay and lengthy period of incarceration. The court also asked whether defense counsel was appointed, and counsel replied, "Private case." The prosecutor submitted on the issue. The court struck the presentence probation report fee, the booking fee, and pre-incarceration cost. The court, however, ordered defendant to

pay the restitution fine, reducing it "to the mandatory minimum of $300."[3]  Defendant timely appealed.

## III.

## DISCUSSION

A. *Imposition of Restitution Fine at May 2021 Sentencing Hearing*

Defendant contends the trial court erred in imposing the second restitution fine at the May 2021 sentencing hearing because it was unauthorized.[4]  We agree.

Section 1202.4 provides that a restitution fine must be imposed absent compelling and extraordinary reasons whenever a defendant is convicted of a crime.  (§ 1202.4, subd. (b).)  The "triggering event for imposition of the restitution fine is . . . [a] conviction." (*People v. Chambers* (1998) 65 Cal.App.4th 819, 822 (*Chambers*).)  The restitution amount is set at the discretion of the court within a statutory range.  (§ 1202.4, subd. (b)(1).)

Although defendant did not object below to the imposition of the second restitution fine, defendant did not forfeit the claim of error.  (*Chambers*, *supra*, 65 Cal.App.4th at p. 823 [failure to object at sentencing did not forfeit challenge on appeal because trial court exceeded its statutory authority in imposing the second restitution

---

[3]  The probation officer had recommended that defendant be ordered to pay a restitution fine in the amount of $8,100.

[4]  Alternatively, defendant asserts the trial court abused its discretion in imposing the restitution fine at the May 2021 hearing.  We need not address this issue as we find the second imposition of the fine was unauthorized.

fine]; see also *People v. Andrade* (2002) 100 Cal.App.4th 351, 354 [failure to object to imposition of allegedly unauthorized parole revocation restitution fine did not forfeit challenge on appeal].)

In *Chambers*, *supra*, 65 Cal.App.4th 819, "the trial court imposed two separate restitution fines for the same conviction:  a $200 restitution fine at the time probation was granted and a $500 restitution fine at the time probation was revoked."  (*Id*. at p. 823.) The issue on appeal was whether the trial court was authorized to impose the higher restitution fine.  The *Chambers* court concluded it was not and held "a restitution fine imposed at the time probation is granted survives the revocation of probation."  (*Id*. at p. 820; see *People v. Guillen* (2013) 218 Cal.App.4th 975, 985-988.)  Thus, a trial court may not impose a restitution fine as a condition of probation and impose another fine when the defendant is sentenced.  (*Chambers*, *supra*, at pp. 821-822; accord, *People v. Urke* (2011) 197 Cal.App.4th 766, 779 [when a defendant's probation is revoked, the mandatory restitution fine imposed as a condition of probation survives the revocation of probation, so that it is improper and beyond the trial court's authority to impose another restitution fine upon sentencing the defendant to state prison].)  The Chambers court accordingly modified the judgment by striking the $500 restitution fine.  (*Chambers*, *supra*, at p. 823.)

Likewise, in this case, we conclude the second restitution fine of $300 imposed at the time of the May 2021 sentencing hearing was in error.  At the time defendant was placed on probation in June 2017, the trial court imposed various fines and fees,

7

including a $300 restitution fine pursuant to section 1202.4, subdivision (b). However, in April 2019, a different court, struck various fines and fees, including the $300 restitution fine, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157, based on defendant's inability to pay. The $300 restitution fine imposed when the first court granted defendant probation, and subsequently stricken based on defendant's inability to pay by the second court, survived the third court's subsequent revocation of defendant's probation and sentence. Thus, the third court lacked authority to impose the restitution fine.

Relying on *People v. Cropsey* (2010) 184 Cal.App.4th 961 (*Cropsey*), the People argue that the court's imposition of the $300 restitution fine at the sentencing hearing "does not appear to have been a *new* fine," "[i]instead the third judge merely reimposed the original $300 fine carried through from the initial grant of probation to the final prison sentencing." We find this argument unpersuasive.

In *Cropsey*, *supra*, 184 Cal.App.4th 961, the trial court purported to "'reimpose'" a $200 restitution fine when it revoked and reinstated the defendant's probation. (*Id*. at p. 964.) On the defendant's contention that the trial court had erred in imposing two restitution fines under sections 1202.4, subdivision (b) and 1202.44, the Court of Appeal found *Chambers* inapposite and held that the trial court had not erred, because it had not imposed a second restitution fine; rather, it had effectively confirmed the same restitution fine originally imposed. (*Cropsey*, *supra*, at pp. 964-965.) The *Cropsey* court explained that the trial court was attempting to comply with *Chambers* by stating the fines were "'reimposed'" (*id*. at p. 965) and thus it was apparent the trial court was not imposing a

"new, prohibited *second* fine." (*Ibid.*) The trial court's statement was confirmed by the fact the clerk wrote "'previously imposed'" in the minutes adjacent to the restitution fines. (*Ibid*.) The *Cropsey* court therefore rejected the defendant's suggestion that all references to the restitution fines should be deleted from the minutes as "infeasible because it sets the stage for an extant but unpaid fine to be overlooked." (*Ibid*.)

The *Cropsey* court noted, however, the trial court's words "'reimpose the restitution amounts'" was "inconsistent with the *principle* upon which *Chambers* was decided." (*Cropsey*, *supra*, 184 Cal.App.4th at p. 965.) The court explained the "survival" of the restitution "made it unnecessary to 'reimpose' those still extant 'restitution amounts.'" (*Id*. at p. 966.) "Where a restitution fine(s) has been previously imposed, the trial court should simply say, 'The abstract of judgment should reflect the restitution fine(s) previously imposed.'" (*Ibid*.)

At the May 2021 sentencing hearing, the trial court did not use the term "reimpose" when ordering imposition of the restitution fine. Nor did the sentencing minutes include any notation the fine had been "previously" imposed. Moreover, even if the third court had merely "reimposed" the fine, the record is clear that the restitution fine was stricken in April 2019 by the second court, and it does not appear that the third court and the parties were aware of this action. Additionally, the People never objected to the striking of the restitution fine and other fees at either the April 2019 hearing or the May 2021 hearing.

9

We reject the People's claim that "the second court's decision to strike the $300 fine was improper" because it was contrary to the plea agreement and "the stated reason for striking the fine was also improper." The People speculate that "[p]erhaps [the third] judge realized the second judge's mistakes and decided to carry through the original fine." The prosecutor did not object to the striking of the fine on any basis, and thus forfeited the argument. (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1054 ["We stand by the traditional rule that a party must raise an issue in the trial court if they would like appellate review."].) Furthermore, the restitution fine and fees are generally not subject to an ability to pay finding.[5] Consequently, the plea agreement in this case did not include an express waiver provision relating to an ability to pay finding. We thus reject the People's contention that defendant gave up his right to contest the fine by initialing the paragraph stating that he would "be ordered to pay a restitution fine of at least $240 and not more than $10,000."

B. *Senate Bill No. 567*

Defendant contends the trial court's sentence to the upper term on count 1 should be vacated and remanded in light of Senate Bill No. 567, which became effective on January 1, 2022 and modified section 1170, subdivision (b), to require imposition of the middle term of imprisonment unless circumstances in aggravation justify imposition of a greater sentence. (Stats. 2021, ch. 731, § 1.3.) He also asserts that under *In re Estrada*

---

[5] The trial court must consider ability to pay before imposing a restitution fine in excess of the statutory minimum. (§ 1202.4, subd. (d).)

(1965) 63 Cal.2d 740 (*Estrada*), Senate Bill No. 567 applies retroactively to his case. The People argue that even though Senate Bill No. 567's amendments to section 1170, subdivision (b), may apply here, vacating defendant's sentence and remanding the case for resentencing is unnecessary because the trial court relied on factors that defendant admitted during his guilty plea in imposing the upper term and any error was harmless.

Generally, statutes are presumed to operate prospectively. (*People v. Brown* (2012) 54 Cal.4th 314, 323.) *Estrada*, *supra*, 63 Cal.2d 740 established an exception and governs retroactive application for ameliorative changes in the law. Under *Estrada*, "[n]ewly enacted legislation lessening criminal punishment or reducing criminal liability presumptively applies to all cases not yet final on appeal at the time of the legislation's effective date. [Citation.] This presumption 'rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.'" (*People v. Gentile* (2020) 10 Cal.5th 830, 852.) Statutes can apply retroactively to plea agreements through *Estrada* even when the contested legislation lacks discussion of pleas specifically. (*People v. Stamps* (2020) 9 Cal.5th 685, 698-699.)

11

Senate Bill No. 567 is ameliorative as it limits the trial court's ability to impose a sentence beyond the middle term. The bill lacks language indicating a savings clause or some other signal that it should only apply prospectively. The legislative history similarly lacks an intention for the bill to only apply prospectively. As Senate Bill No. 567's amendments to section 1170, subdivision (b), lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied. Therefore, we agree with the parties that the amendment to section 1170, subdivision (b), applies to all cases not final when Senate Bill No. 567 became effective date. (*Estrada*, *supra*, 63 Cal.2d at pp. 744-745; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 ["the amended version of section 1170, subdivision (b) . . . applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal"].) As the parties agree, defendant's case was not final on January 1, 2022, and he was sentenced to the upper term on count 1 under former section 1170. Defendant is therefore entitled to the benefit of Senate Bill No. 567.

Senate Bill No. 567 amends the determinate sentencing law, section 1170, subdivision (b), which delineates the trial court's authority to impose one of three statutory terms of imprisonment (the lower, middle, or upper terms), by making the middle term the presumptive sentence for a term of imprisonment, unless certain circumstances exist. (See Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1), (2).) Effective January 1, 2022, under the newly amended law, the trial court may impose an upper term sentence only where there are circumstances in aggravation, and the facts

underlying all of the aggravating circumstances have been stipulated by the defendant or found true beyond a reasonable doubt by a jury or court trial.[6] (§ 1170, subd. (b)(2).) Under section 1170, subdivision (b)(3), however, the trial court, "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Under the amended section 1170, subdivision (b)(5), the trial court must "set forth on the record the facts and reasons for choosing the sentence imposed. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b)(5).) In addition, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence [¶] . . . [¶] . . . ." (§ 1170, subd. (b)(6)(A), (C).)

---

[6] Under former section 1170, subdivision (b), "[w]hen a judgment of imprisonment [was] to be imposed and the statute specifie[d] three possible terms, the choice of the appropriate term . . . rest[ed] within the sound discretion of the court." Furthermore, prior to the enactment of section 1170, subdivision (b)(2), the People only had to prove an aggravating fact by a preponderance of the evidence. (See *People v. Towne* (2008) 44 Cal.4th 63, 86; *People v. Hicks* (2017) 17 Cal.App.5th 496, 512.)

13

Defendant argues that he did not admit or stipulate to any circumstances in aggravation, the fact finder did not make any findings beyond a reasonable doubt as to the circumstances in aggravation, the court could not rely on great bodily injury as a factor in aggravation since it would constitute an impermissible dual use, and no certified record of his prior convictions were provided. The People argue defendant "[a]s part of his guilty plea, . . . admitted it was true that during the accident '[a]nother person in [his] car suffered great bodily injury.' He also admitted that he 'had a minor who was a relative in the car with [him] and that's the person that got hurt.' Further, he admitted that he was then currently on probation for two DUIs . . . ."

However, we agree with defendant that use of the great bodily injury circumstance as a factor in aggravation is not a permitted reason to impose an upper term if it is the same as an enhancement or an element of a crime. (See § 1170, subd. (b)(5); Cal. Rules of Court, rule 4.420(d); *People v. Clark* (1992) 12 Cal.App.4th 663, 666.) Moreover, as our Supreme Court held, "by entering into a plea agreement that included the upper term as the maximum sentence," the defendant "did not implicitly admit that his conduct could support that term." (*People v. French* (2008) 43 Cal.4th 36, 48.) The court reasoned that a "defendant who enters into an agreement to plead guilty or no contest, with a sentence to be imposed within a specified maximum, reasonably expects to have the opportunity to litigate any matters related to the trial court's choice of sentence—including the existence of aggravating and mitigating circumstances—at the sentencing hearing." (*Id.* at p. 49.) The Supreme Court also concluded that a defendant's plea constitutes "an admission to

14

the elements of the charged offenses only, and not to any additional aggravating circumstances." (*Id*. at p. 50.) This is because "[b]efore accepting a guilty or no contest plea pursuant to a plea agreement in a felony case, the trial court is required to determine that a factual basis for the plea exists. [Citations.]" (*Ibid*.) Hence, a defendant's stipulation to a factual basis does not constitute a binding admission for all purposes. (*Id*. at p. 52.)

Citing *People v. Sandoval* (2007) 41 Cal.4th 825, 839 (*Sandoval*), the People contend that, any error in imposing the upper term was harmless beyond a reasonable doubt because the trial court "only relied on factors in aggravation based on facts that he previously admitted in open court." Initially, we reject this contention for the reasons stated in *People v. French*, *supra*, 43 Cal.4th 36. Second, the record does not support the People's argument. The court did not definitively cite to specific factors in aggravation, but in imposing the upper term, stated, "[t]he upper term is selected as I do believe the aggravating circumstances outweigh the mitigating circumstances for the reasons I just indicated." The court had previously indicated that defendant continued to violate probation, the case was "serious," and "[i]t's a fourth DUI in a relatively short period of time wherein there was a GBI and child endangerment."

Furthermore, in *Sandoval*, *supra*, 41 Cal.4th 825 our Supreme Court held: "The denial of the right to a jury trial on aggravating circumstances is reviewed under the harmless error standard set forth in *Chapman v. California* (1967) 386 U.S. 18. . . ." (*Id*. at p. 838.) In that context, "'[i]f a reviewing court concludes, beyond a reasonable doubt,

15

that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury,' the error is harmless." (*People v. Flores* (2022) 75 Cal.App.5th 495, 500, quoting *Sandoval*, *supra*, at p. 839.) The Supreme Court, however, cautioned that "the reviewing court cannot necessarily assume that the record reflects all of the evidence that would have been presented had aggravating circumstances been submitted to the jury." (*Sandoval*, *supra*, at p. 839.) The court observed that the defendant's incentive and opportunity at the sentencing hearing to contest any aggravating circumstance "were not necessarily the same as they would have been had the aggravating circumstances been tried to a jury" and that, "to the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*Sandoval*, *supra*, at pp. 839-840.)

The concerns noted by the Supreme Court weigh against finding the error harmless here. In addition, the amendments to section 1170, subdivision (b) changed the framework within which the trial court exercises its discretion by specifying a legislatively determined presumptive sentence. Further, a different standard of proof is now applicable and may have affected how defense counsel proceeded with sentencing. For example, had the standard of proof been beyond a reasonable doubt under section 1170, subdivision (b)(2), rather than by a preponderance of the evidence, defendant's trial

16

counsel may have chosen to contest the facts relevant to the aggravating factors described by the court and noted in the probation report.

Moreover, we observe that "'[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.]" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) In such circumstances, the Supreme Court has held that "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' [Citations.]" (*Ibid.*) Senate Bill No. 567 altered the scope of the trial court's sentencing discretion under section 1170, subdivision (b). Thus, because the record does not "'clearly indicate[]'" that the court would have imposed the upper term despite the amendment to section 1170, subdivision (b), we will remand the matter for resentencing. (*People v. Gutierrez*, *supra*, 58 Cal.4th at p. 1391.)

IV.

DISPOSITION

The judgment is modified to strike the section 1202.4, subdivision (b) restitution fine in the amount of $300. The sentence imposed by the trial court is vacated and the matter is remanded to the trial court for resentencing pursuant to section 1170, subdivision (b) as amended by Senate Bill No. 567. Upon resentencing, the clerk of the

17

superior court is directed shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.

18