Filed 10/29/20  P. v. McCard CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B302011 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 9PH04469) |
| v. | |
| ERIC STEVE MCCARD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Keith H. Borjon, Judge, and Robert M. Kawahara, Commissioner.  Appeal dismissed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Charles J. Sarosy, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Eric Steve McCard appeals from an October 16, 2019 order entered after the trial court revoked his parole for absconding, and ordered him to serve 170 days in jail, followed by a reinstatement of parole supervision upon his release from jail. In his opening appellate brief, McCard contends the trial court abused its discretion when it revoked his parole supervision without referring the district attorney's petition for revocation of his parole to the parole office for a written report, as required under Penal Code section 1203.2, subdivision (b)(1).[1] He also contends the disproportionate application of the statutes governing parole revocation petitions, depending on whether a petition is filed by a district attorney or a parole agency, violates his constitutional right to equal protection of the law. In support of his equal protection claim, he asserts he was sanctioned more harshly because the petition was filed by the district attorney (170 days in jail) than he would have been if the petition had been filed by the parole agency, as the parole agency determined the appropriate sanction for his violation was continuation on parole and drug treatment.

In the respondent's brief, the Attorney General argues, among other things: (1) McCard's appeal is moot because he already served the 170-day jail term the trial court imposed; and (2) McCard forfeited his equal protection contention by failing to raise it below.

---

[1] This statutory provision provides, in pertinent part, that when a district attorney files a petition for revocation of parole, the trial court must refer the petition to the parole officer for preparation of a written report that the trial court must read and consider before modifying or revoking parole. (Pen. Code, § 1203.2, subd. (b)(1).)

2

In his appellate reply brief, McCard concedes his appeal "is likely moot" because "he has likely been discharged from parole supervision during the pendency of this appeal." Notwithstanding this concession, he asks this court to address his contention that the trial court abused its discretion when it revoked his parole supervision without referring the district attorney's petition for revocation of his parole to the parole office for a written report, arguing the issue " 'is likely to recur, might otherwise evade appellate review, and is of continuing public interest.' " He also concedes in the reply brief that he forfeited his equal protection claim by failing to object below, and he does not ask this court to address the claim despite the forfeiture.[2]

We requested supplemental briefing on whether McCard's parole supervision has terminated. McCard submitted a letter, confirming he was terminated from parole supervision in this matter on January 24, 2020, during the pendency of this appeal.

Because McCard has served the jail term the trial court imposed for the parole revocation, and his parole supervision has since terminated, his appeal is moot. (*People v. DeLeon* (2017) 3 Cal.5th 640, 645 ["DeLeon has completed his county jail term. Counsel has informed us that parole supervision ended . . . one day after the Court of Appeal briefing was complete . . . . DeLeon's appeal is technically moot because a reviewing court's resolution of the issues could offer no relief regarding the time he spent in custody or the parole term that has already

---

[2] Courts have rejected equal protection claims like the one McCard raised in this appeal. (See *People v. Zamudio* (2017) 12 Cal.App.5th 8, 16-17; *People v. Castel* (2017) 12 Cal.App.5th 1321, 1326-1330.)

terminated"].) As set forth above, McCard concedes his appeal is moot.

Where an appeal is moot, we may exercise our discretion to decide the issue if it " 'is likely to recur, might otherwise evade appellate review, and is of continuing public interest.' " (*People v. DeLeon, supra*, 3 Cal.5th at p. 646.) Although McCard includes a statement in his appellate reply brief that his appeal fits into this category, he does not explain why that might be so. We have no reason to believe the issue he asks us to consider—whether the trial court abused its discretion when it revoked his parole supervision without referring the district attorney's petition for revocation of his parole to the parole office for a written report, as required under Penal Code section 1203.2, subdivision (b)(1)—is an issue that warrants the exercise of our discretion to decide an otherwise moot appeal. Indeed, the circumstances of McCard's case may be unique in that, although the trial court did not refer the petition to the parole agency for preparation of a report, the trial court was aware of the parole agency's sanction recommendation at the time the trial court imposed the 170-day jail term; the parties and the trial court discussed the parole agency's recommendation for a lesser sanction and the reasons for the recommendation at multiple court hearings prior to the parole revocation; and a parole agent appeared and provided information at a hearing prior to the parole revocation. Because the appeal is moot, and this is not a case that warrants the exercise of our discretion to decide a moot issue, we dismiss the appeal.

4

## DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.