Filed 1/20/21  P. v. Williams CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>INDUGO ASIFA WILLIAMS,<br><br>    Defendant and Appellant. | A160969<br><br>(Sonoma County<br>Super. Ct. No. PRL-201806-1) |

Indugo Asifa Williams appeals from an order finding he violated various conditions of his parole, reinstating parole, and imposing a jail sentence.  (Pen. Code, § 3000.08, subd. (f).)  His appointed appellate counsel filed a brief seeking our independent review of the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Williams is not entitled to a *Wende* review in a post-conviction proceeding.  (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).)  Even assuming *Wende* does apply here, we affirm because his appeal presents no meritorious arguable issues.

## BACKGROUND

In 2019, Williams was under parole supervision.  He agreed to parole conditions, including continuous electronic monitoring and prohibitions on tampering with his monitoring device.  He was also required to participate in

treatment for sex offenders and prohibited from traveling more than 50 miles away from his residence in San Francisco without prior approval from his parole agent.  In June 2020, Williams traveled to Santa Rosa, cut off his monitoring device, and threw it away.  The next day, after his damaged monitoring device was located and his parole agent enlisted the assistance of the Santa Rosa police department, Williams was ultimately taken into custody.

The Department of Corrections and Rehabilitation filed a petition to revoke Williams' parole.  After a September 2020 hearing on the petition, the trial court found Williams violated his parole conditions, ordered Williams reinstated on parole, and modified the terms to include 180 days in county jail.

## DISCUSSION

Williams' counsel filed a brief pursuant to *Wende* and its federal constitutional counterpart in *Anders v. California* (1967) 386 U.S. 738, 744-745, listing two potentially arguable questions supporting an appeal: whether the trial court abused its discretion by finding Williams "acted willfully when he absconded from San Francisco, damaged his GPS device, and failed to attend the required sex offender classes," and whether the trial court properly found Williams absconded.  Counsel informed Williams of his right to file a supplemental brief on his own behalf, which he has not done.

## A.

Williams is not entitled to a *Wende* review of the trial court's order finding that he violated his parole conditions and returning him to custody. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 501, 503-504 [dismissing *Wende* appeal].)  Review under *Wende* or *Anders* does not extend beyond the first appeal of right from a criminal conviction.  (*Id.* at p. 500.)  Although

2

Williams' appeal originates from a criminal context, it "is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Id*. at p. 501 [*Wende* review inapplicable for denial of postconviction motion to vacate guilty plea].)

## B.

Even if we consider Williams' appeal, there are no meritorious issues to be argued. (*Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 544, fn. 7 [appellate court may retain an appeal seeking *Wende* review].) Substantial evidence supports the finding that Williams' failure to comply with his parole conditions was willful rather than the result of circumstances beyond his control. (*People v. Zaring* (1992) 8 Cal.App.4th 362, 379.) Williams admitted he cut off his monitoring device and threw it away, and he said he did not attend his morning sex offender treatment program meetings because he was too tired from working the previous day. He also admitted he did not call his parole agent before leaving San Francisco because he feared being arrested and placed in San Francisco County Jail, where he believed he would not be safe. Williams' parole agent repeatedly attempted to call and send text messages to Williams upon learning he was in Santa Rosa, but Williams did not respond.

And rather than finding Williams "absconded" as defined in the California Code of Regulations—a person who leaves "California without permission, does not return to California after leaving with permission or has not been available for contact for thirty days"—the trial court found that Williams violated his parole condition of maintaining contact with his parole agent. (Cal. Code. Regs., tit. 15, § 2731, subd. (a).) The trial court's decision modifying his parole and sentencing him to jail time was thus not an abuse of discretion. (See *People v. Rodriguez* (1990) 51 Cal.3d 437, 443; *People v.*

*Zamudio* (2017) 12 Cal.App.5th 8, 14 [parole and probation proceedings analyzed similarly].)

## DISPOSITION

The order is affirmed.

_____

BURNS, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

SELIGMAN, J.*

A160969

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5